**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 275 Rivulon Boulevard, LLC, | No. CV-24-02244-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| American Pacific Mortgage Corporation, | |
| Defendant. | |

Before the Court is Plaintiff's Motion to Strike Portions of Defendant's Reply in Support of Motion to Dismiss (Doc. 27), Defendant's Response (Doc. 38), and Plaintiff's Reply (Doc. 29). Plaintiff moves to strike portions of Defendant's Reply that raise new arguments for the first time. (Doc. 27 at 2).

In the Ninth Circuit, it is improper to raise arguments for the first time in a reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

Here, Defendant admits that its argument that Plaintiff's declaratory judgment claim should be dismissed because it is duplicative of Plaintiff's breach of contract claims was first addressed in its Reply brief. (Doc. 28 at 2). This makes Defendant's argument improper. *See Zamani*, 491 F.3d at 997. However, while Defendant's failure to raise the arguments in its initial Motion may justify striking the argument, it also justifies allowing Plaintiff to file a sur-reply. *See Mexicanos v. Diamondback Shooting Sports, Inc*., No. CIV 22-472-TUC-CKJ, 2023 WL 4237495, at *1 (D. Ariz. June 28, 2023); *Spinedex Physical*

*Therapy, U.S.A., Inc. v. United Healthcare of Ariz., Inc.*, No. CV-08-00457-PHX-ROS, 2017 WL 11630875, at *2 (D. Ariz. Sept. 29, 2017) ("When a party raises a new argument in reply, the Court will either refuse to consider that new argument, or will grant leave to file a sur-reply to allow the party opposing the motion to contest newly-presented matters.").

Therefore, instead of striking Defendants' argument as it relates to whether Plaintiff's declaratory judgment is duplicative of its breach of contract claim, the Court will permit Plaintiff to file a sur-reply to Defendant's Reply. This sur-reply will only address the legal arguments surrounding the newly raised arguments in Defendant's Reply and will be narrowly crafted to only address that issue. Plaintiff will not be permitted to file an additional statement of facts in support of this sur-reply. Accordingly,

**IT IS ORDERED** that Plaintiff 275 Rivulon Boulevard LLC's Motion to Strike (Doc. 27) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff 275 Rivulon Boulevard LLC is permitted to file a sur-reply, not exceeding five pages, narrowly crafted to address the specific issue identified in this Order. This sur-reply must be filed with the Court by **February 3, 2025**. Plaintiff is not permitted to file an additional statement of facts in support of this sur-reply.

**Dated this 28th day of January, 2025.**

Honorable Steven P. Logan
United States District Judge